UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>11.5 ACRES OF LAND, more or less, situate in Klickitat County, State of Washington; and NANCY CLARK, et al.,<br><br>              Defendants. | NO:  12-CV-3148-RMP<br><br>FINAL JUDGMENT APPROVING STIPULATION OF JUST COMPENSATION |

Upon consideration of the Stipulation of Just Compensation executed by the United States of America and all defendants herein, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    The Stipulated Motion for Settlement and Stipulation of Just Compensation, **ECF No. 45**, is **GRANTED**, and further

2.    The United States filed its Complaint in Condemnation, ECF No. 1, and Declaration of Taking, ECF No. 2, and then deposited $15,600 ("Deposit")

into the Registry of the Court on December 12, 2012, ECF No. 5.  At that time,

title to the property, as set forth in the Declaration of Taking, vested in the United

States.

3.      The subject property consists of easements over approximately 11.5

acres located in Klickitat County, Washington, as more particularly described in

the Declaration of Taking filed herein ("subject property").  The underlying land is

owned in fee simple by the Nancy Clark and Buck G. Clark Bypass Trust, Nancy

Clark, Trustee (henceforth, "Nancy Clark").

4.      In order to settle this condemnation action, the parties agree that the

just compensation payable by the United States for the taking of the property and

estates described in the Declaration of Taking filed herein, ECF No. 2, together

with all improvements thereon and appurtenances thereunto belonging, shall be the

sum of $69,000 inclusive of interest, attorneys' fees, and costs.  *See* ECF No. 45,

Stipulation of Just Compensation.

5.      Judgment shall be, and is hereby, entered against the United States in

the amount of $69,000.

6.      One party initially named in this suit, the County of Klickitat,

Washington, has disclaimed any interest in the Property, ECF Nos. 50, 51).  A

second party recently named in this suit, Jessie Casswell, has also disclaimed any

interest in the Property, ECF Nos. 47, 48.  As such, these parties are not entitled to any distribution of the just compensation to be paid for the taking of the Property.

7.    As the United States has previously deposited $15,600 as estimated just compensation, the deficiency amount between this amount and the agreed settlement of $69,000 is $53,400.  The United States shall pay into the Registry of the Court the deficiency amount of $53,400.  Should said deposit into the Registry not be made within 60 days of the entry of this order of judgment, any unpaid portion of the $53,400 deficiency shall accrue statutory interest for each day thereafter until deposited.

8.    The said sum of $69,000 shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the said lands and all appurtenances thereunto belonging.

9.    The said sum of $69,000 shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the said property at the time of vesting of title thereto in the United States and all such taxes, assessments, liens and encumbrances shall be payable and deductible from the said sum.

10.    Defendant Nancy Clark warrants that on the date of taking it had exclusive right to the compensation herein, excepting the interest of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, and that

no other person or entity is entitled to the same or any part thereof.  In the event

that any other party is ultimately determined by a court of competent jurisdiction to

have any right to receive compensation for the property taken in this case, Nancy

Clark shall refund into the Registry of the Court the compensation distributed

herein, or such part thereof as the Court may direct, with interest thereon calculated

in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt

of the deposit by Defendant to the date of repayment into the Registry of the Court.

   11. The parties shall be responsible for their own legal fees, costs, and

expenses (including attorney fees, consultants' fees, and any other expenses).

   12. Upon the United States depositing the deficiency into the Registry of

the Court, the Clerk of the Court shall, without further order of this Court, disperse

to Defendant Nancy Clark, with check payable to:

> Dunn Carney Trust Account for Nancy Clark and the Buck G. Clark Bypass Trust, Nancy Clark, Trustee

at the following address:

> Jack Hoffman
> Dunn Carney Allen Higgins and Tongue
> 851 6th Avenue, Suite 1500
> Portland, OR  97204-1357

all sums on deposit in the Registry of the Court, together with any interest earned

thereon while on deposit.

13.    Following disbursement of the above sums to the Defendants, this case shall be CLOSED.

**IT IS SO ORDERED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Financial Specialist Sheri Wohl.

**DATED** this 14th day of November 2014.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

FINAL JUDGMENT APPROVING STIPULATION OF JUST COMPENSATION ~5